IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROLEX WATCH U.S.A., INC.,

    Plaintiff,

                                3:12-CV-736-PK

                                FINDINGS AND
v.                               RECOMMENDATION

LELAND STANFORD HOFFMAN, JR.,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") filed this action against defendant Leland Stanford Hoffman, Jr. (doing business as Antique Time, www.rolexcrown.com, and www.horologist.com), on April 25, 2012, alleging Hoffman's liability for trademark infringement in violation of 15 U.S.C. § 1114, cybersquatting in violation of 15 U.S.C. § 1125(d)(1)(A), and unfair competition in violation of 15 U.S.C. § 1125(a), and seeking money damages, an accounting, injunctive relief to enjoin Hoffman from engaging in any further allegedly infringing conduct, and award of its attorney fees and costs. On May 21, 2012, Hoffman answered Rolex' complaint and alleged what Hoffman characterized as a counterclaim against Rolex, by and

Page 1 - FINDINGS AND RECOMMENDATION

through which Hoffman seeks award of the attorney fees and costs he expects to incur in defending Rolex' claims against him. On June 12, 2012, Rolex moved to dismiss Hoffman's counterclaim, and on July 12, 2012, Hoffman filed a motion for extension of the deadline within which to file a memorandum in opposition to Rolex' dispositive motion to July 16, 2012 (by operation of Local Rule 7-1, Hoffman's opposition memorandum was due no later than June 29, 2012).

Now before the court are Rolex' motion (#15) to dismiss Hoffman's counterclaim and Hoffman's motion (#18) for extension of time. I have considered the motions and all of the pleadings and papers on file. For the reasons set forth below, both motions should be denied, and Hoffman's purported counterclaim should be construed as a prayer for relief rather than as a counterclaim.

## LEGAL STANDARD

### I. Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a). Instead, the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, that "allows the

Page 2 - FINDINGS AND RECOMMENDATION

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), *citing Iqbal*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## II. Motion for Extension of Time

Extension of the time within which a document must be filed is governed by Federal Civil Procedure Rule 6(b). Rule 6(b) provides, in relevant part, as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>     (A)    with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
>     (B)    on motion made after the time has expired if the party failed to act

Page 3 - FINDINGS AND RECOMMENDATION

because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

## MATERIAL FACTUAL BACKGROUND

Rolex filed this action against Hoffman on April 25, 2012, alleging Hoffman's liability for various violations of the Lanham Act, specifically trademark infringement in violation of 15 U.S.C. § 1114, cybersquatting in violation of 15 U.S.C. § 1125(d)(1)(A), and unfair competition in violation of 15 U.S.C. § 1125(a). On May 21, 2012, Hoffman answered Rolex' complaint, alleging a purported counterclaim against Rolex as follows:

> Defendant alleges that Plaintiffs are bringing this action solely for the purpose of harassing and causing Defendant hardship. Defendant very clearly has marked his website with indications that Defendant is not associated with Rolex and not authorized by Rolex to make repairs to Rolex watches. In spite of Defendant's clear indications, Plaintiff has chosen to bring this lawsuit. Therefore, Defendant prays the court enter judgment against the Plaintiff and for Defendant. Defendant also requests the court grant Defendant costs and attorney fees pursuant to 15 U.S.C. § 1117(a).

Answer, Affirmative Defenses, and Counterclaims, 7-8.

On June 12, 2012, Rolex moved to dismiss Hoffman's counterclaim, characterizing it as apparently purporting to state a claim for harassment or some other, related cause of action. By operation of Local Rule 7-1(e)(1), Hoffman's response to Rolex' motion to dismiss was due to be filed not later than June 29, 2012.

On July 12, 2012, having filed no response to Rolex' motion, Hoffman moved for retroactive extension of time to file an opposition memorandum, from June 19, 2012, to July 16, 2012. Hoffman offered no evidence or argument in support of his motion for extension of time. Rolex filed a memorandum in opposition to Hoffman's motion on July 16, 2012, and on that

Page 4 - FINDINGS AND RECOMMENDATION

same day I granted Hoffman leave *sua sponte* to file a reply memorandum in support of his motion, in which Hoffman would be permitted to adduce supporting evidence and argument despite his failure to do so in connection with his moving papers. Hoffman filed a reply memorandum the following day, July 17, 2012.

## ANALYSIS

### I. Rolex' Motion (#15) to Dismiss

As noted above, Hoffman's putative counterclaim reads in full as follows:

> Defendant alleges that Plaintiffs are bringing this action solely for the purpose of harassing and causing Defendant hardship. Defendant very clearly has marked his website with indications that Defendant is not associated with Rolex and not authorized by Rolex to make repairs to Rolex watches. In spite of Defendant's clear indications, Plaintiff has chosen to bring this lawsuit. Therefore, Defendant prays the court enter judgment against the Plaintiff and for Defendant. Defendant also requests the court grant Defendant costs and attorney fees pursuant to 15 U.S.C. § 1117(a).

Answer, Affirmative Defenses, and Counterclaims, 7-8. Rolex construes this as an effort to allege a counterclaim for harassment and argues that, as such, the allegations fail to satisfy the elements of any such claim. However, Section 35(a)(3) of the Lanham Act, codified at 15 U.S.C. § 1117(a)(3) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in the litigation of a Lanham Act claim. 15 U.S.C. § 1117(a)(3). The courts of the Ninth Circuit have held for purposes of Section 35(a)(3) that a case may be considered exceptional "[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012) (modification original), *quoting Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827 (9th Cir. 1997). An action is thus "exceptional" for purposes of a defendant's prayer for Lanham

Page 5 - FINDINGS AND RECOMMENDATION

Act prevailing-party fees where "the plaintiff has no reasonable or legal basis to believe in success on the merits." *Id., citing Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002). By contrast, where a plaintiff's claims are at least "colorable," award of prevailing-party fees to the defendant may not be justified. *Id.* at 689. Here, Hoffman alleges facts which, if established, could give rise to a finding that Rolex' claims are "groundless, unreasonable, vexatious, or pursued in bad faith," and then requests award of attorney fees pursuant to Section 35(a) of the Lanham Act. I therefore construe Hoffman's counterclaim not as attempting to allege a counterclaim for harassment, but rather as attempting to allege a "counterclaim" for Lanham Act prevailing-party attorney fees.

The problem with Hoffman's pleading, on this construal, is not his failure to allege facts sufficient to satisfy the necessary elements of a harassment claim, but rather the fact that Section 35(a)(3) does not purport to create a *cause of action* for prevailing-party attorney fees. Section 35(a)(3) merely authorizes the courts, in their discretion, to award such fees "in exceptional cases" only. I am aware of no authority suggesting that the court's authority to issue such fees could in any way be rendered contingent upon whether the prevailing party in a Lanham Act action pled entitlement to award of such fees, or that a party's prayer for award of such fees could properly be formalized as a claim or counterclaim in a Lanham Act litigant's pleading. In general, the prevailing party in a Lanham Act proceeding requests award of attorney fees not through a claim or counterclaim, but by filing a motion or petition for such fees following determination of the merits of the underlying Lanham Act claim or claims.

Because analysis of Hoffman's purported counterclaim strongly suggests that it is not intended to allege a counterclaim for harassment but rather to serve as Hoffman's prayer for

Page 6 - FINDINGS AND RECOMMENDATION

award of attorney fees should he prevail on some or all of Rolex' Lanham Act claims against him, his purported counterclaim should be construed as a prayer for relief rather than as a counterclaim, and Rolex' motion to dismiss should be denied as moot.

## II. Hoffman's Motion (#18) for Extension of Time

Because, for the reasons discussed above, I recommend that Rolex' motion to dismiss be denied as moot, I further recommend that Hoffman's motion for extension of time within which to file a legal memorandum in opposition to that motion likewise be denied as moot.

## CONCLUSION

For the reasons set forth above, I recommend that Rolex' motion (#15) to dismiss be denied as moot, that Hoffman's motion (#18) for extension of time be denied as moot, and that Hoffman's purported counterclaim for prevailing-party attorney fees be construed as a prayer for relief rather than as a counterclaim.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

///

///

///

///

///

Page 7 - FINDINGS AND RECOMMENDATION

copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of July, 2012.

_____
Honorable Paul Papak
United States Magistrate Judge

Page 8 - FINDINGS AND RECOMMENDATION