IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROLEX WATCH U.S.A., INC.,

    Plaintiff,

3:12-CV-736-PK

OPINION AND ORDER

v.

LELAND STANFORD HOFFMAN, JR.,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") filed this action against defendant Leland Stanford Hoffman, Jr. (doing business as Antique Time, www.rolexcrown.com, and www.horologist.com), on April 25, 2012, alleging Hoffman's liability for trademark infringement in violation of 15 U.S.C. § 1114, cybersquatting in violation of 15 U.S.C. § 1125(d)(1)(A), and unfair competition in violation of 15 U.S.C. § 1125(a), and seeking money damages, an accounting, injunctive relief to enjoin Hoffman from engaging in any further allegedly infringing conduct, and award of its attorney fees and costs.

    Now before the court is Hoffman's motion (#25) to transfer venue in this action from the

Page 1 - OPINION AND ORDER

Portland Division to the Medford Division of the District of Oregon. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Hoffman's motion is denied.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (footnotes omitted). The defendant bears the burden of establishing the greater appropriateness of the transferee forum. *See id.* Courts afford a degree of deference to a plaintiff's choice of its home forum. *See, e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

## ANALYSIS

As noted above, it is defendant Hoffman's burden to establish that Medford is a more appropriate venue than Portland for resolution of the parties' dispute, in light of the convenience of the parties and witnesses and the interest of justice. In support of his motion, Hoffman has adduced no evidence bearing on any of the *Jones* factors or any other factors relevant to the

Page 2 - OPINION AND ORDER

appropriateness determination. Instead, Hoffman relies exclusively upon his attorney's bare and unsworn assertion that "[t]rying this case in the Portland division would cause great hardship to Defendant."

In the absence of any evidence of record to suggest that Medford could be a more appropriate venue for resolution of this action than Portland, I find that Hoffman has not met his burden to establish grounds on which his motion could be granted. In consequence, Hoffman's motion is denied.

Plaintiff Rolex argues that Hoffman's motion should be denied with prejudice, in part because it was untimely filed. In support of its timeliness argument, Rolex cites *Moore's Federal Practice* ¶ 111.17[2][a] for the proposition that a party seeking a change of venue on Section 1404(a) convenience grounds should move for transfer "with reasonable promptness." Rolex notes that it served Hoffman with process in these proceedings on April 28, 2012, and that Hoffman did not move for change of venue until July 26, 2012, and argues, without citation to supporting precedent, that a delay of nearly three months is sufficiently dilatory to warrant summary denial of the motion.

I agree with Rolex. The Ninth Circuit has opined that where venue is proper within a federal judicial district, a party's objection to venue in a particular division of that district is waived if not "interposed no later than the first pleading or motion of a party...." *Fallbrook Public Utility Dist. v. United States*, 202 F.2d 942, 944 (9th Cir. 1953). Here, Hoffman filed an answer to Rolex' complaint on May 21, 2012, and moved for extension of time within which to respond to Rolex' motion to dismiss on July 12, 2012, without first interposing any objection to venue in the Portland Division. In consequence, I conclude that Hoffman's objections to venue in

the Portland Division have been waived, and that any further motion to transfer venue within the District of Oregon would necessarily be untimely. Hoffman's motion to transfer venue is therefore denied with prejudice.

## CONCLUSION

For the reasons set forth above, Hoffman's motion (#15) to transfer venue is denied with prejudice.

Dated this 24th day of October, 2012.

_____
Honorable Paul Papak
United States Magistrate Judge