IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROLEX WATCH U.S.A., INC.,

      Plaintiff,

                                3:12-CV-736-PK

                                OPINION AND

v.                                ORDER

LELAND STANFORD HOFFMAN, JR.,

      Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") filed this action against defendant Leland

Stanford Hoffman, Jr. (doing business as Antique Time, www.rolexcrown.com, and

www.horologist.com), on April 25, 2012, alleging Hoffman's liability for trademark infringement

in violation of 15 U.S.C. § 1114, cybersquatting in violation of 15 U.S.C. § 1125(d)(1)(A), and

unfair competition in violation of 15 U.S.C. § 1125(a), and seeking money damages, an

accounting, injunctive relief to enjoin Hoffman from engaging in any further allegedly infringing

conduct, and award of its attorney fees and costs. On November 15, 2012, the parties advised the

court that they had settled their dispute in principle. Since that time, Hoffman has declined to

sign, or fully to comply with the terms of, the parties' formal, written settlement agreement.

Now before the court is Rolex's constructive motion (#42) to enforce the parties' settlement agreement. I have considered the motion, the parties' respective evidentiary proffers in support thereof, oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, Rolex's motion is granted.

## LEGAL STANDARD

It is well-settled that the district courts have the inherent, equitable power summarily to enforce agreements to settle cases pending before them. *See, e.g., Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987), *citing Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976); *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969); *see also Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Such power extends, however, only to "complete" settlement agreements as to all material terms of which the parties have agreed with the intent to be bound. *Callie*, 829 F.2d at 890, *citing Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983), *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984).

A motion to enforce a settlement agreement is in essence an action for specific enforcement of a contract, and thus sounds in equity and is to be tried to the court. *See Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709-710 (9th Cir. 1989). As such, the court may appropriately hear evidence and make ultimate factual determinations in connection with such a motion. *See Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251 (8th Cir. 1996). Moreover, "[w]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie*, 829 F.2d at 890, *citing Russell v. Puget*

*Sound Tug & Barge Co.*, 737 F.2d 1510, 1511 (9th Cir. 1984), *Kukla v. National Distillers Products Co.*, 483 F.2d 619, 621 (6th Cir. 1973).

## MATERIAL FACTS

Following settlement negotiations, on November 15, 2012, counsel for Rolex requested via email that counsel for Hoffman provide "confirmation" that specific settlement terms set forth in seven enumerated paragraphs were "acceptable" to his client. That same day, counsel for Hoffman responded via email that "We have a deal," advising that Hoffman would begin compliance with his obligations as set forth in the seven enumerated paragraphs. The following day, November 16, 2012, counsel for Rolex forwarded to counsel for Hoffman a draft written settlement agreement incorporating all seven of the enumerated paragraphs setting forth the terms the parties had agreed to, as well as additional provisions that the parties had not yet negotiated. The thirteenth paragraph of the written settlement agreement, which the parties had not previously negotiated, read as follows:

> The parties agree that the confidentiality of this agreement is a material
> consideration for their entering into this agreement. Accordingly, neither of the
> parties, nor any of their respective directors, officers, agents, employees, affiliates,
> assigns, insurers, successors, attorneys, or other representatives, shall disclose any
> terms or contents of this agreement, or disparage the other party.

Five days later, on November 21, 2012, counsel for Hoffman advised counsel for Rolex via email that his client had "one requested change in the settlement agreement," such modification to be made to one of the negotiated terms of the agreement not at issue here. The parties negotiated the detail of Hoffman's requested change, and on November 30, 2012, counsel for Hoffman advised counsel for Rolex that a formulation of the requested modification proposed by counsel for Rolex was acceptable to Hoffman. Counsel requested that Rolex provide a copy

of the "final settlement agreement" incorporating the negotiated modification for his client's signature.

Over the following weeks, counsel for Hoffman repeatedly advised counsel for Rolex that Hoffman intended to sign the agreement in the form provided by Rolex on November 30, 2012. Specifically, counsel advised on December 6, 2012, that Hoffman "intends on signing the agreement," on December 7, 2012, that Hoffman indicated to him that he would sign the agreement the following week, on December 14, 2012, that his client was undertaking to satisfy his obligations under the negotiated terms of the agreement, and on December 21, 2012, that Hoffman "still indicates his intention to sign the agreement." Ultimately, however, Hoffman elected to attempt to repudiate the agreement, taking the position that the unnegotiated mutual confidentiality provision set forth at paragraph 13 of the unexecuted settlement agreement was unacceptable to him. Hoffman expresses himself willing to sign the agreement absent that provision.

## ANALYSIS

Following review of the parties' evidentiary submissions in connection with Rolex's constructive motion, I find that there is no dispute of material fact regarding the formation or terms of the parties' putative settlement agreement. In consequence, a formal evidentiary hearing is unnecessary here, *see Callie*, 829 F.2d at 890, and I analyze the merits of the motion on the basis of the existing evidentiary record.

Hoffman does not dispute that his communications with Rolex (by and through his counsel) unambiguously indicate his assent to be bound by the provisions of the settlement agreement as memorialized in the draft provided to him on November 30, 2012. However, he

Page 4 - OPINION AND ORDER

takes the position that prior to December 21, 2012, he had not read all of the terms of the agreement, and thus did not understand what he was agreeing to. In consequence, he argues, there cannot have been a "meeting of the minds" as to the confidentiality provision of that draft, and no enforceable contract was formed. Hoffman's argument is unpersuasive.

The Oregon courts "subscribe[] to the objective theory of contracts." *Harty v. Bye*, 258 Or. 398, 403 (1971). That is, in determining whether the parties mutually assented to be bound by the terms of an agreement, in Oregon the inquiry is whether the parties' "communications and overt acts" suggested each party's "manifested assent" to be so bound; in Oregon "[t]he law of contracts is not concerned with the parties' undisclosed intents and ideas." *Kabil Developments Corp. v. Mignot*, 279 Or. 151, 156-157 (1977); *see also State v. Heisser*, 350 Or. 12, 24-25 (2011) (same). Here, Hoffman did not communicate to Rolex that he agreed only to the provisions he had assented to as of November 15, 2012, but rather that the draft provided to him was acceptable and that he intended to sign it. Crucially, his communications and overt acts do not suggest in any way that his assent was conditional on reading the entirety of the parties' short and simple agreement at some unspecified future time, but rather indicated an unconditional intent to be bound. None of Hoffman's proffered evidence suggests to the contrary.

On the basis of the evidentiary record, I therefore find that Hoffman unambiguously expressed his intent to be bound by the parties' complete settlement agreement. In consequence, I find that the settlement agreement of November 30, 2012, is enforceable. Rolex is entitled to specific performance of Hoffman's obligations under the agreement, and Hoffman is hereby ordered to comply with the terms of the parties' settlement as therein memorialized. Rolex's request for award of its attorney fees in connection with bringing and litigating its motion is

Page 5 - OPINION AND ORDER

denied.

## CONCLUSION

For the reasons set forth above, Rolex's constructive motion (#42) to enforce the parties'

settlement agreement is granted.


Dated this 24th day of January, 2013.

Honorable Paul Papak
United States Magistrate Judge